**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**JAYDEN GILES, On Behalf of Himself and All Others Similarly Situated,**

***Plaintiff*,**

**v.**

**FISHMONGER NASHVILLLE, LLC,**

***Defendant*.**

**COLLECTIVE ACTION**

**CASE NO. ________________**

**JUDGE ___________________**

**JURY DEMAND**

## COLLECTIVE ACTION COMPLAINT

## I. INTRODUCTION

1. Plaintiff Jayden Giles ("Plaintiff") and all other similarly situated employees work or worked for Defendant Fishmonger Nashville, LLC ("Defendant") at its Nashville, Tennessee restaurant as employees paid less than the minimum wage plus customer tips pursuant to the "tip-credit" provisions of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.* ("Tip-Credit Employees").

2. Defendant however, failed to satisfy the requirements for utilizing the tip credit to meet its minimum-wage and overtime obligations to its Tip-Credit Employees by: (1) failing to provide Tip-Credit Employees with the required notice before taking the tip credit; (2) requiring Tip-Credit Employees to share tips with non-tipped employees who have no or insufficient customer interaction; (3) requiring Tip-Credit Employees to spend more than 20% of their shifts performing non-tip-producing work while paid at the lower, tipped hourly rate; and (4) requiring Tip-Credit Employees to spend large amounts of time performing non-tip-producing work while paid at the lower, tipped hourly rate before and after serving guests.


Case 3:26-cv-00079 Document 1 Filed 01/21/26 Page 1 of 8 PageID #: 1

3. Plaintiff brings this lawsuit as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), individually and on behalf of all similarly situated employees who consent in writing to join this action, to recover unpaid wages, as well as liquidated damages, attorneys' fees, and costs.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District and because Defendant resides in this Judicial District.

## III. PARTIES

### A. Plaintiff

6. Plaintiff Jayden Giles is a resident of La Vergne, Rutherford County, Tennessee.

7. Defendant was employed Plaintiff as a server at its Nashville, Tennessee restaurant from approximately March 2025 to January 2026.

8. Throughout his employment as a server, Plaintiff has received hourly wages from Defendant less than the federal minimum wage rate plus tips.

### B. Defendant

9. Defendant Fishmonger Nashville, LLC, is a Tennessee limited liability company.

10. Defendant owns and operates the Fishmonger restaurant in the Germantown neighborhood of Nashville at 1316 Adams Street #112, Nashville, Tennessee 37208.

11. Defendant can be served through its registered agent, Cogency Global, Inc., located

at 992 Davidson Drive, Suite B, Nashville, Tennessee, 37205.

12. At all times relevant to this action, Defendant has been an employer within the meaning of the FLSA.

13. At all times relevant to this action, Defendant has employed Plaintiff and those similarly situated employees.

## IV. FACTS

14. Plaintiff and those similarly situated are current and former employees of Defendant at its Nashville restaurant paid less than the applicable minimum wage rates per hour plus customer tips ("Tip-Credit Employees").

15. At all relevant times, Defendant has paid Plaintiff and other Tip-Credit Employees at its Nashville restaurant an hourly wage below $7.25 per hour.

16. Defendant purports to utilize a tip credit for each hour worked by Plaintiff and other Tip-Credit Employees at its Nashville restaurant to comply with the minimum and overtime wage obligations under the FLSA.

17. However, Defendant has not met these statutory requirements for claiming a tip credit.

18. Defendant has failed to inform Plaintiff and other Tip-Credit Employees of the tip credit provisions of 29 U.S.C. § 203(m)(2) and the fact that Defendant is relying on those provisions to satisfy its minimum wage and overtime obligations to Plaintiff and other Tip-Credit Employees prior to taking the tip credit.

19. Defendant requires Plaintiff and other Tip-Credit Employees at its Nashville restaurant to share a portion of their tips with back-of-house employees who do not interact with customers, including, for example, cooks.

20. Defendant requires Plaintiff and other Tip-Credit Employees to spend more than 20% of each shift on non-tip-producing tasks while paid less than $7.25 per hour.

21. Some examples of these non-tip-producing tasks include, but are not limited to, setting tables, prepping stations, putting out rugs, cleaning and polishing glassware, taking out trash, and other similar preparatory, cleaning, and janitorial tasks.

22. Defendant requires Plaintiff and other Tip-Credit Employees to work jobs in non-serving, non-tipped occupations while being paid an hourly wage below $7.25 for a substantial amount of time prior to serving customers, including when no customers are in the restaurant and earning tips is impossible, typically at least one hour before the restaurant opens.

23. Defendant requires Plaintiff and other Tip-Credit Employees to work jobs in non-serving, non-tipped occupations while being paid an hourly wage below $7.25 for a substantial amount of time after serving customers, including when no customers are in the restaurant and earning tips is impossible, typically around one hour after the restaurant is closed.

24. Some examples of the tasks performed during the time Plaintiff and other Tip-Credit Employees work in non-serving, non-tipped occupations include, but are not limited to, setting tables, prepping stations, putting out rugs, cleaning and polishing glassware, taking out trash, and other similar preparatory, cleaning, and janitorial tasks.

25. Defendant knew and acted with reckless disregard of the fact that its compensation practices and policies for Tip-Credit employees violate the FLSA.

## V. COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff asserts his FLSA claims, pursuant to Section 16(b), 29 U.S.C. § 216(b), as a collective action on behalf of the following similarly situated employees who consent in writing to participate in this case:

> All current and former Tip-Credit Employees (as defined herein) at Defendant's Nashville restaurant at any since January 21, 2023.

(the "Potential Plaintiffs").

27. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and Potential Plaintiffs, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## VII. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE MINIMUM AND OVERTIME WAGE REQUIREMENTS OF THE FLSA

28. All previous paragraphs are incorporated as though fully set forth herein.

29. Plaintiff asserts this claim on behalf of himself and members of the Potential Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

30. Plaintiff and the Potential Plaintiffs are employees entitled to the FLSA's protections.

31. Defendant is an employer covered by the FLSA.

32. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

33. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207. The minimum overtime hourly wage is $10.88 per hour.

34. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

35. The FLSA prohibits employers from relying on the tip credit where the employer

has not first provided certain information to tipped employees. *See* 29 U.S.C. § 203(m).

36. As alleged herein, Defendant has failed to inform Plaintiff and the Potential Plaintiffs of the information required under the FLSA prior to taking the tip credit.

37. As a result, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum and overtime wage obligations to Plaintiff and the Potential Plaintiffs.

38. As such, Defendant has violated the FLSA by failing to pay Plaintiff and the Potential Plaintiffs for all time worked at $7.25 per hour and all overtime hours worked at $10.88 per hour.

39. The FLSA prohibits employers from relying on the tip credit where employees' tips are shared with other employees who do not have more than *de minimis* customer interaction. *See Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294, 300-02 (6th Cir. 1998).

40. As alleged herein, Defendant requires Plaintiff and the Potential Plaintiffs to share tips with employees who do not have more than *de minimis* customer interaction.

41. As a result, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum and overtime wage obligations to Plaintiff and the Potential Plaintiffs.

42. As such, Defendant has violated the FLSA by failing to pay Plaintiff and the Potential Plaintiffs for all time worked at $7.25 per hour and all overtime hours worked at $10.88 per hour.

43. The FLSA prohibits employers from relying on the tip credit where the employees work spend a substantial amount of time performing non-tip-producing work or where employees work in non-tipped occupations.

44. As alleged herein, Defendant requires Plaintiff and Potential Plaintiffs to spend more than 20% of each shift on non-tip-producing tasks while being paid an hourly wage below

$7.25.

45. As alleged herein, Defendant also requires Plaintiff and Potential Plaintiffs to work jobs in non-serving, non-tipped occupations while being paid an hourly wage below $7.25 for a substantial amount of time both prior to and after serving customers, including when no customers are in the restaurant and earning tips is impossible.

46. As a result, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum and overtime wage obligations to Plaintiff and the Potential Plaintiffs.

47. As such, Defendant has violated the FLSA by failing to pay Plaintiff and the Potential Plaintiffs for all time worked at $7.25 per hour and all overtime hours worked at $10.88 per hour.

48. Plaintiff and the Potential Plaintiffs are therefore entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

49. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions, as alleged above.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order authorizing notice to similarly situated employees pursuant to 29 U.S.C. § 216(b);

B. A finding that Defendant has violated the FLSA;

C. A finding that Defendant's violations of the FLSA are and were willful and not in good faith;

D. A judgment against Defendant and in favor of Plaintiff and the Potential Plaintiffs who assert claims in this action for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA;

E. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

F. Liquidated damages, treble damages, and monetary penalties to the fullest extent permitted under the FLSA;

G. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

H. Such other and further relief as this Court deems just and proper in equity and under the law.

## IX. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: January 21, 2026

Respectfully submitted,

/s/ David W. Garrison
David W. Garrison (TN Bar No. 24968)
Joshua A. Frank (TN Bar No. 33294)
Nicole A. Chanin (TN Bar No. 40239)
**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

*Attorneys for Plaintiffs*